

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

OCT - 9 2019

ARTHUR JOHNSTON
BY_____ DEPUTY

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

**LILLIAN GRANDERSON**                                               **PLAINTIFF**

**V.**                                               CAUSE NO. 3:19-cv-724-DPJ-FKB

**BENNIE KIRKLAND MANAGEMENT
COMPANY, INC.**                                               **DEFENDANT**

### COMPLAINT

COMES NOW, the Plaintiff, Lillian Granderson, by and through undersigned counsel, and files this, her Complaint against the Bennie Kirkland Management Company, Inc., and in support thereof, would show unto this Court the following, to-wit:

### PARTIES

1. The Plaintiff, Lillian Granderson, is an adult resident citizen of Hinds County, Mississippi who resides at: 275 Parks Road, Jackson, Mississippi 39212.

2. The Defendant, Bennie Kirkland Management Company Inc., is the Plaintiff's current employer, and is a Mississippi state incorporation qualified to do business in Mississippi with a principal place of business at 605 Steed Road, Ridgeland Mississippi, 39157. Defendant may be served with process through its registered agent: Bruce Kirkland, 605 Steed Road, Ridgeland, Mississippi, 39157

### JURISDICTION

3. This racial and discrimination action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended. The jurisdiction of this Court is invoked by the Plaintiff pursuant to 28 U.S.C. § 1331, 1343(4) and 28 U.S.C. § 2201 and 2202. This lawsuit is brought pursuant to "The Civil Rights Act of 1866" 42 U.S.C. § 1981 and 1981a and The Civil Rights Act of 1964, 42 U.S.C.

§ 2000e et seq., as amended by the Civil Rights Act of 1991. Equitable and other relief is sought under 42 U.S.C § 2000e-5(g).

4. Plaintiff timely filed a Charge of Discrimination with the EEOC asserting claims of race and age discrimination on March 14, 2019, a copy of which is attached hereto as Exhibit "A". Plaintiff has timely filed this Complaint within 90 days of her receipt of her Notice of Right to Sue which was received on July 11, 2019, a copy of which is attached hereto as Exhibit "B".

## STATEMENT OF THE FACTS

5. Plaintiff, Lillian Granderson, is currently employed by Defendant, Bennie Kirkland Management Company, Inc., as a Property Manager. Plaintiff was hired by the Defendant in 1995 to manage and maintain certain Housing and Urban Development ("HUD") properties throughout the State of Mississippi.

6. During her twenty-three (23) year tenure at the Bennie Kirkland Management Company, Mr. Bruce Kirkland, who serves as President of the Company started delegating additional duties to the Plaintiff, which included, but was not limited to, supervising all Site Managers and Property Managers involved in the maintenance and daily business of the HUD properties.. This promotion took place in approximately 2009.

7. For approximately eight (8) years Plaintiff acted as the regional manager of all HUD subsidized properties, until 2015 when Mr. Bruce Kirkland decided to take a more involved role in the management of the properties. It was at this time that the discrimination started happening to the Plaintiff.

8. Beginning February 14, 2017, Mr. Bruce Kirkland started harassing the Plaintiff, Lillian Granderson. Starting on this date, Mr. Kirkland demoted Plaintiff as Regional Manager and has simply replaced her with a younger white male who was a former Property Supervisor who is not

as qualified as the Plaintiff. This action caused a significant decrease in her salary. Furthermore, Plaintiff is being harassed and subjected to different terms and conditions of employment.

9. Specifically, Plaintiff is constantly scrutinized more than her counterparts at her place of employment, she is spoken to in a degrading manner, asked frequently to lie on her reports, and is no longer allowed to participate in the growth of the company, nor given the tools in order to excel at her job. This has all taken place subsequent to her demotion. Since her demotion the Bennie Kirkland Management Company has withheld emails and paperwork from Plaintiff in an effort to make her working life more difficult.

10. Put simply, after the plaintiff was demoted, Mr. Kirkland created an environment which encouraged and fostered a hostile work environment towards plaintiff due to her race and age. Such conduct was ongoing, open, and notorious. Racial discrimination is deeply embedded at the Bennie Kirkland Management Company. It is open, active, and unashamed.

11. The Bennie Kirkland Management Company, Inc. is liable under Title VII for such harassment and discrimination. It condoned, ratified and otherwise allowed this racially harassing and discriminatory behavior, from the President of the Company nonetheless. As a result of Plaintiff's good faith complaints, the defendant has retaliated against the Plaintiff by subjecting her to stricter scrutiny than her co-workers, to demeaning and hostile treatment, to wholly unwarranted negative performance feedback, to being subjected to unwarranted discipline. Plaintiff was in a position which she was fully suited, but instead was demoted due to the racially discriminatory behavior of the Defendant.

COUNT I- VIOLATION OF TITTLE VII
OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED.

12. Plaintiff re-alleges and incorporates herein by reference the above foregoing paragraphs 1 through 11.

13. Defendant has intentionally discriminated against Plaintiff because of her race and age.

14. As a direct and proximate result of Defendant's unlawful discriminatory conduct toward Plaintiff, she has low wages and benefits and has sustained other pecuniary loss.

15. Defendant's retaliatory practices, insults, contempt, and disdain have been demeaning to Plaintiff and have caused her to suffer deep pain, humiliation, anxiety, and emotional distress.

16. The unlawful actions of Defendant complained above were intentional, malicious, and taken in reckless disregard to the statutory and common law rights of Plaintiff.

## COUNT II- RETALIATION

17. Plaintiff re-alleges and incorporates herein by reference the above and foregoing paragraphs 1 through 16.

18. Defendant has unlawfully retaliated against Plaintiff after she engaged in a protected activity.

19. The retaliation violates the provisions of the Rehabilitation Act (RA), as amended, and Title VII of the Civil Rights Act of 1964, as amended.

## COUNT III- PUNITIVE DAMAGES

20. Plaintiff re-alleges and incorporates herein by reference the above and foregoing paragraphs 1 through 19.

21. Plaintiff is entitled to punitive damages against the Defendant as a result of Defendant's intentional acts and as a result of their extreme and outrageous conduct. Alternatively, the Plaintiff is entitled to punitive damages because Defendant's unlawful acts against Plaintiff were committed maliciously and/or in reckless disregard for Plaintiff's rights.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court cause service to issue in the cause upon the Defendant and that this matter be set for trial. Upon trial by

jury thereon, Plaintiff prays that the following relief be granted:

a. Award actual damages, including the appropriate amounts of back pay and front pay and the money lost from failure to promote; and

b. Award compensatory damages for discrimination based on age and race, and hostile work environment; and

c. Award costs and reasonable attorney's fees; and

d. Grant any and all appropriate relief which the Court deems necessary and appropriate.

This the 9th day of October, 2019.

Respectfully submitted,

**LILLIAN GRANDERSON**

By: _Alton E. Peterson_

ALTON E. PETERSON, ESQ.

OF COUNSEL:

ALTON E. PETERSON, MSB # 99222
THE PETERSON LAW GROUP, PLLC
269 EAST PEARL STREET
JACKSON, MISSISSIPPI 39201
TELEPHONE: (601) 354-4747
FACSIMILE:   (601) 354-0546